UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| MICHAEL A. SHOFFNER, *et al.* ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 4:01-cv-54 |
| v. ) | |
| ) | Judge Mattice |
| QWEST COMMUNICATIONS CORP. and ) | |
| QWEST COMMUNICATIONS ) | |
| INTERNATIONAL, INC., ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

On June 23, 2014, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 160) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Carter recommended that (1) Defendants' Motion for Summary Judgment (Doc. 142) as to the issue of damages as to Plaintiffs' trespass claims be granted; (2) all trespass claims be dismissed with prejudice; and (3) the Plaintiffs' Motions for Summary Judgment (Doc. 135, 137) be denied.[1]

Defendants filed timely objections to the Magistrate Judge's Report and Recommendation. (Doc. 161). However, a review of those "objections" reveals that Defendants do not object to the recommendations contained in the Magistrate Judge's

---

[1] Magistrate Judge Carter specifically found that Defendants had laid its conduit and cables on "Tract 1" of Plaintiffs' property without permission and without compensation. (Doc. 160 at 13-14). However, Magistrate Judge Carter concluded that Plaintiffs, after some 14 years of litigation on this claim, have failed to provide a genuine and non-speculative computation of damages for the trespass, and have failed to present any evidence to support their claim for damages. (*Id.* at 14-20). Magistrate Judge Carter determined that he need not consider whether Defendants were liable for trespass as to "Tract 2" as Plaintiffs' claim for damages related to Tract 2 suffered from the same infirmities as their claims regarding Tract 1. (*Id.* at 21-22). Magistrate Judge Carter found that, because Plaintiffs failed to rebut Defendants contention that they have no evidence to support their claim for damages for trespass, Defendants' Motion for Summary Judgment regarding the trespass claims must be granted, and Plaintiffs' Motions for Summary Judgment must be denied. (*Id.* at 20-23).

Report and Recommendation; instead, Defendants merely seek to preserve certain rights and arguments regarding the trespass claims in the event that the Court declines to adopt and affirm the Magistrate Judge's recommendations.[2] (*Id.*). Plaintiffs, on the other hand, have filed no objections to the Magistrate Judge's Report and Recommendation.[3]

Nevertheless, the Court has conducted a reviewed the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Carter's well-reasoned conclusions. Accordingly, The Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b). Defendants' Motion for Summary Judgment (Doc. 142) is hereby **GRANTED**, Plaintiffs' claims for trespass are hereby **DISMISSED WITH PREJUDICE**, and Plaintiffs' Motions for Summary Judgment (Docs. 135, 137) are hereby **DENIED**.

At the same time that it referred the above-discussed Motions for Summary Judgment to the magistrate judge for a report and recommendation, the Court also referred Defendants' pending Motion to Dismiss Plaintiffs' claims under the United States and Tennessee Constitutions to the magistrate judge. (Doc. 155). Magistrate Judge Carter mentioned Plaintiffs' constitutional claims in his Report and

---

[2] Specifically, Defendants object to the Magistrate Judge's findings on Tract 1 liability for trespass. (Doc. 161). However, Defendants expressly states that "[i]f this Court adopts only the Two Recommendations, then this Court need not rule on this Objection." (*Id.* at 4).

[3] Magistrate Judge Carter specifically advised Plaintiffs that they had 14 days in which to object to the Report and Recommendation and that failure to do so would waive any rights to appeal. (Doc. 160 at 24 n.7); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for service provided by Fed. R. Civ. P. 6(d), the period in which Plaintiffs could timely file any objections has now expired.

2

Recommendation, but declined to offer an opinion in his current Report and Recommendation, noting that Defendants' Motion to Dismiss would have to be analyzed under the standards for Federal Rule of Civil Procedure 12(b)(6). (*Id.* at 20-21). Nonetheless, Magistrate Judge Carter concluded that Plaintiffs failed to submit any evidence in support of their claims for damages "as to any of their claims, including the constitutional claims, in the amended complaint[.]" (*Id.* at 21).

Although Defendants did not move for summary judgment as to Plaintiffs' claims under the United States and Tennessee Constitutions, the Court believes that these additional claims are subject to dismissal in their entirety for the same reason as Plaintiffs' trespass claims – namely, that Plaintiffs have not, and cannot, adequately demonstrate their damages for any such claim at this stage of the litigation.

Federal Rule of Civil Procedure 56 governs motions for summary judgment in federal court. While typically summary judgment is granted based on motions and arguments raised in the moving party's brief, Rule 56(f) provides a mechanism by which judgment may be granted independent of the motion. In relevant part, Rule 56(f) states that, after giving the parties notice and a reasonable time to respond, the court may "grant the motion on grounds not raised by a party." Fed. R. Civ. P. 56(f)(2). The parties are hereby **ON NOTICE** that the Court intends, pursuant to Fed. R. Civ. P. 56(f), to grant summary judgment on Defendants' behalf as to Plaintiffs' constitutional claims in their entirety for the reasons stated herein. Because the Court intends to grant summary judgment for Defendants as to these claims, any analysis of Defendants' pending Motion to Dismiss would be rendered moot, and the Court hereby **WITHDRAWS THE REFERENCE** of the Motion to Dismiss from the magistrate judge.

In the event that the parties wish to respond, both parties' responsive briefs must be filed within twenty-one days from the entry of this order – that is, **no later than August 1, 2014**. The parties' briefs shall not exceed eight (8) pages in length, and should otherwise conform with the briefing requirements provided in the Local Rules for this District. The parties' briefs, should they wish to file them, should state why they believe that this Court should or should not grant summary judgment for the Defendant as to Plaintiffs' constitutional claims based on the grounds stated in this Order.

**SO ORDERED** this 11th day of July, 2014.

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE